

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00016-CR

WILLIAM J. HIBLER                                         APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F-98-0563-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant William J. Hibler was convicted of the sexual assault of a fifteen-year-old complainant in 1998 after a jury trial; this court affirmed his conviction in 2000 in cause number 02-98-00579-CR. Hibler's first motions for post conviction DNA testing, which he filed in 2005 and 2006, were denied. *See Hibler v. State*, No. 02-06-00248-CR, 2007 WL 2744921, at *1–2 (Tex. App.—Fort Worth Sept.

---

[1]*See* Tex. R. App. P. 47.4.

20, 2007, no pet.) (mem. op., not designated for publication) (holding that the trial court did not err by denying the motion when appellant admitted that he and the complainant had engaged in sexual intercourse).

Hibler filed a subsequent post-conviction motion for DNA testing after the legislature amended section 64.03(b), and the trial court granted the motion. *See* Tex. Code Crim. Proc. Ann. art. 64.03(b) (West Supp. 2014) (stating that a convicted person who confessed or made a similar admission may submit a motion and "the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that . . . admission"). The DNA testing conclusively showed that Hibler contributed the semen found within the complainant's vagina, and the trial court found that "had the results been available during the trial of the offense, it is not reasonably probable that William J. Hibler would not have been convicted."[2] Hibler appeals this finding.

Hibler's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Hibler had the opportunity to file a pro se brief

---

[2]The DNA test results identified Hibler as the source of the DNA profile from the sperm cell fraction found in the complainant's vaginal swabs to "a reasonable degree of scientific certainty."

after his counsel filed an *Anders* brief,[3] but he has not done so; the State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and the other documents filed in this case. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's finding.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

---

[3]Hibler filed a pro se brief before this court abated the appeal for a determination of indigence and appointment of appellate counsel.

3

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015